From George Ross Eshleman, Lancaster, Pa.

---

## Vincena v. Domin.

*Contracts — Marriage — Breach of contract — Damages — Measure of — Change of religion as an element.*

1. In actions for breach of promise to marry, damages have never been limited by the rules governing actions on simple contracts for the payment of money.

2. In such cases, plaintiff is entitled to such amount as will compensate her for benefits lost or detriment suffered because of the breach and the distress, mortification, mental suffering and injury to her affections and reputation which she has undergone in consequence thereof.

3. The jury may consider as an element of damages the fact that the plaintiff changed her religion in preparation for the marriage.

4. A verdict of $1265 will not be deemed excessive where it appears that plaintiff's loss for moneys expended and for loss on account of ceasing employment amounted to $653.75, that she changed her religion, and that she suffered from pain, mortification and wounded feelings.

Motion for a new trial and in arrest of judgment on behalf of the defendant in an action of breach of promise of marriage. C. P. Schuylkill Co., Nov. T., 1926, No. 322.

*D. J. Boyle* and *R. J. Graeff,* for plaintiff; *B. J. Duffy,* for defendant.

HICKS, J., Feb. 20, 1928.—This is an action for breach of promise of marriage which was tried before Hon. H. O. Bechtel, late President Judge of our courts, on May 19, 1927, before a jury, in which a verdict was rendered for the plaintiff in the sum of $1265. During the course of the trial, only two exceptions were taken by the defendant to the admission of testimony, and neither of the parties took any exception to the charge of the court or to

answers to the point submitted for charge. The defendant filed six reasons in support of his motion in arrest of judgment and for a new trial. Oral argument was had upon the motion, but no briefs were submitted by either party. At the time of the argument the sole question raised by the counsel for the defendant was that the verdict was excessive in the light of the testimony, and that, for this reason, a new trial should be granted.

The testimony was conflicting as to whether the contract of marriage had been actually entered into, but this matter was submitted by the court in his charge to the jury in a fair and impartial manner, and as its decision was peculiarly within the province of the jury as the triers of the facts, and they have found them in favor of the plaintiff, the court is concluded. There was ample evidence to support the finding of the jury that the defendant and the plaintiff reciprocally promised to marry each other.

No fault was found by either party with the charge of the court upon the question of damages. The court submitted the question of damages to the jury in the following language: "It is hard to say what rules should be adopted for compensation in the event that you should find that she should be compensated, but it is always wise to remember that the verdict should be a fair, just and adequate compensation for the injury that is sustained. She claims that she bought certain articles which she enumerated here to you, together with the prices which she paid for them, and that she would not have bought those but that she expected to marry this man and had intended using them in that event, and that, therefore, she ought to be compensated for that. There is not any very well-defined testimony as to the pain and suffering she endured or the humiliation which she was subjected to by his refusal to marry her after she was engaged to him, but those are matters which you can take into consideration, if you determine to find in her favor and determine what allowance should be made for them. You are not to guess at this thing. You must render a verdict on the evidence; you must determine what has been proven along that line and take into consideration what she has endured, if any, and what she should be compensated for and what that compensation should be. That is all a question for you. You are to arrive at your conclusion on the evidence; the verdict must be based on the evidence."

The measure of damages as indicated by the court to the jury is a correct exposition of the law. In actions for breach of promise to marry, damages have never been limited by the rules governing actions on simple contracts for the payment of money; but plaintiff is entitled to recover such amount as will compensate her for the benefits lost or detriments suffered because of the breach, and the distress, mortification, mental suffering and injury to her affections which she has undergone in consequence thereof: 9 Corpus Juris, § 92; Leckey v. Bloser, 24 Pa. 401. The damages recoverable for the breach of a marriage contract are such damages as will place the plaintiff in as good a position pecuniarily as she would have been in if the contract had been fulfilled. The damages will include compensation for pain, mortification and wounded feelings, injury to the affections, the loss of time and expenses incurred in preparation for the marriage, injury to health, the length of time the marriage engagement existed, and consequent injury to feelings or reputation due to the breach of the contract: 3 Elliott on Contracts, § 2196.

The evidence in this case showed that the plaintiff suffered the loss of about $570 in giving up her position, losing work and being compelled to pay on that account board for the same length of time at $30 a month. In addition to this, the plaintiff testified to wearing apparel, linens, etc., which she

purchased in reliance upon the defendant's promise to marry and in antici-
pation of her marriage, which expenditures amounted to the sum of $83.75.
The uncontradicted evidence in the case conclusively showed that her actual
loss for moneys expended and her loss on account of ceasing employment
totaled the sum of $653.75. In addition to this, she was entitled to compen-
sation for pain, mortification and wounded feelings and injury to the affec-
tions. She had changed her religious faith so that there might be no obstacle
from a religious point of view to the consummation of the marriage contract,
and, therefore, severed her relationship with the Lutheran Church of which
she was a member and took instruction in the Catholic faith. All of these
matters were proper for the consideration of the jury under the charge of the
court, and we cannot say that the jury was actuated by prejudice, passion or
partiality in finding a verdict of $1265 under the circumstances in this case.

The motion in arrest of judgment and for a new trial is overruled and the
prothonotary is directed to enter judgment in the plaintiff's favor in accord-
ance with the verdict of the jury upon payment of the jury fee.

From M. M. Burke, Shenandoah, Pa.